Jacob Markowitz, J.
This is an article 78 proceeding by the petitioner to require the Civil Service Commission to certify the petitioner to the police commissioner, and for the police commissioner to appoint him to the position which he seeks. *43 Respondents cross move to dismiss the proceeding on the ground that it was not commenced within the time specified under section 1286 of the Civil Practice Act.
The petitioner filed an application for the position of patrolman in the police department of the City of New York. He passed various examinations and attained place No. 1458 on the eligible list for such position, which list was established on or about February 16,1955. On March 11, 1955, the petitioner was notified that the police commissioner had passed over his name for appointment as a probationary patrolman. Prior to the petitioner’s notification he would not be appointed, his name had been submitted to the police commissioner three times. At that time and until August 2, 1955, Francis W. H. Adams was the police commissioner of the City of New York.
It is the respondents’ position on this motion that under section 1286 of the Civil Practice Act it is required that all proceedings pursuant to article 78 must be commenced within four months from the date of the first decisive determination in the action. It is claimed that such determination was made on March 11, 1955, the date that the petitioner was informed the police commissioner would not appoint him as a probationary patrolman. The present proceeding was commenced on November 22, 1955, more than four months from the date of such first determination.
The petitioner alleges that after August 2, 1955, upon the appointment of Stephen P. Kennedy as police commissioner of the City of New York, he was entitled to have his name resubmitted to the new commissioner; that the failure to make such certification was a continuing wrong and there was no decisive determination in his matter.
In support of his position, he cites subdivision 1 of section VII of Rule V of the Rules and Regulations of the New York City Civil Service Commission: “ The Director shall upon receiving a request from an appointing officer for the certification of eligibles for a vacant position certify from the eligible list for that position, or if there be no such list, then from the list most appropriate and for the grade thereof if in a graded service, the three names at the head of such list. No name shall be certified more than three times to the same appointing officer for the same or a similar position, unless at such officer’s request.” (Emphasis added.)
He urges that there is now a new appointing officer, and therefore is entitled to have his name submitted to such new appointing officer. However, a reading of subdivision 1 of section VII of Rule V states that no name is to be certified more than three *44 times to the same appointing officer for the same or a similar position unless at such officer’s request.
Subdivision 7 of section 2 of the Civil Service Law and paragraph 6 of Rule I of the Rules and Regulations of the Municipal Civil Service Commission, define “ appointing officer ” as “ the officer, commission, board or body having the power of appointment to subordinate positions, in any office, court, department, commission, board or institution. ’ ’
In the light of the above definition, it cannot be held that the words, “ same appointing officer ”, mean any individual as such,, but, rather, that the language must be interpreted to mean that the certification is made to the office of the police commissioner. It makes no difference who the incumbent or appointee is to the office. Public officers are declared to be continuously in office so that actions and proceedings may be maintained against them in their official, not individual, capacities (Civ. Prac. Act, §§ 213» 1290).
The petitioner, having been certified three times to the appointing officer, cannot now claim a right to have his name submitted three times to the same appointing officer, even though a new individual occupies the appointing officer’s position. The first decisive determination having been made on March 11, 1955, and the proceeding having been instituted on November 22, 1955, section 1286 of the Civil Practice Act is a bar to the institution of this proceeding.
Accordingly, the cross motion to dismiss is granted. Settle • order.